**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KELLY M. BRENEISEN,

     Plaintiff,

v.

                                   Case No. 1:20-cv-00036

SPECIALIZED LOAN SERVICING LLC;
EQUIFAX INFORMATION SERVICES
LLC AND TRANS UNION LLC.,

     Defendants.

## COMPLAINT

     NOW COMES, KELLY M. BRENEISEN, through undersigned counsel, complaining of

SPECIALIZED LOAN SERVICING LLC; EQUIFAX INFORMATION SERVICES LLC AND

TRANS UNION LLC., as follows:

### NATURE OF THE ACTION

     1.     Plaintiff is seeking damages for Defendants' violations of the Fair Credit Reporting

Act (the "FCRA"), 15 U.S.C. § 1681 *et seq*.

### JURISDICTION AND VENUE

     2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

     3.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

     4.     KELLY M. BRENEISEN ("Plaintiff") is a natural person, who at all times relevant

resided in Johnburg, Illinois.

     5.     Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

1

6.      Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

7.      SPECIALIZED LOAN SERVICING LLC ("SLS") is a corporation organized under the laws of Delaware.

8.      SLS has a principal place of business at 8742 Lucent Boulevard, Suite 300, Highlands Ranch, Colorado 80129.

9.      SLS is a "furnisher of information" as defined by 15 U.S.C. §1681s-2.

10.     EQUIFAX INFORMATION SERVICES LLC ("Equifax") is a limited liability company organized under the laws of Georgia.

11.     Equifax has a principal place of business at 1550 Peachtree Street, NW, Atlanta, Georgia 30309.

12.     Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

13.     Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

14.     TRANS UNION LLC ("Trans Union") is a limited liability company organized under the laws of Delaware.

15.     Trans Union has a principal place of business at 555 West Adams Street, Chicago, Illinois 60661.

16.     Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

17.     Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## FACTUAL ALLEGATIONS

18.     On November 19, 2004, Plaintiff executed a mortgage (the "Mortgage") in favor of First Franklin Financial Corp., subsidiary of National City Bank of Indiana.

2

19.     The Mortgage secured the purchase of Plaintiff's personal residence located at 1394 Heron Drive, Antioch, Illinois 60002 (the "Property").

20.     The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $256,500.00 (the "Loan").

21.     On April 23, 2014, Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

22.     On or before July 21, 2014, First Franklin Financial Corp. executed an assignment of mortgage in favor of Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2005-FF2, Mortgage Pass-Through Certificates, Series 2005-FFS c/o Specialized Loan Servicing, LLC.

23.     The confirmed Chapter 13 Plan, dated November 7, 2014 (the "The Confirmed Plan"), provided:

> ■     **A check in this box indicates that the plan contains special provisions, set out in Section G.  Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**
>
> ***
>
> **Section G.  *Special terms*.**
>
> Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures.  The provisions will not be effective unless there is a check in the notice box preceding Section A.
>
> ***
>
> **Special Terms** *[as provided in Paragraph G]*
>
> 1.  Debtors are surrendering the real property located at 1394 Heron Drive, Antioch, Illinois …

3

24.     Last year, Plaintiff viewed her 3-Bureau Credit Report.

25.     Plaintiff learned SLS was reporting Plaintiff's Mortgage incorrectly.

26.     On December 6, 2018, Plaintiff mailed credit dispute letters to Equifax and Trans Union by First-Class Mail®.

27.     Plaintiff's credit dispute letters voiced Plaintiff's concerns and requested Equifax, and Trans Union review and correct SLS's inaccurate reporting.

28.     Equifax received and promptly notified SLS of Plaintiff's dispute by sending an automated consumer dispute verification form ("ACDV").

29.     Trans Union received and promptly notified SLS of Plaintiff's dispute by sending an ACDV.

30.     On December 18, 2018, Trans Union mailed Plaintiff Investigation Results.

31.     Plaintiff's Trans Union Investigation Results stated, in part:

**INVESTIGATION RESULTS – DISPUTED INFORMATION UPDATED AND OTHER INFORMATION UPDATED: A change was made to the item(s) based on your dispute and other information has also changed.**

**SPECIALIZED LOAN SVCG** #100803**** (PO BOX 266005, LITTLETON, CO 80163, (720) 241-7200)
We investigated the information you disputed and updated: **Remarks; Special Payment.** Here is how this account appears on your credit report following our investigation.

**Balance:** $0
**Last Payment Made:** 08/12/2016
**Pay Status:** > Account 120 Days Past Due Date <
**Remarks:** DISP INVG COMP-RPT BY GRNTR; LOAN MODIFIED NON GOVT; > FORECLOSURE COLLATERAL SOLD<]

32.     On or around December 19, 2018, Equifax mailed Plaintiff Dispute Results.

33.     Plaintiff's Equifax Dispute Results stated, in part:

4

>>> *The information you disputed has been verified as accurate, however, information unrelated to your dispute has been updated. Account # - 100803* **The results are:** We verified that this item belongs to you. This account has been updated. Additional information has been provided from the original source regarding this item. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *CLOSED DATE *ADDITIONAL INFORMATION *ACCOUNT HISTORY. If you have additional questions about this item please contact: *Specialized Loan Services, 8742 Lucent Blvd Ste 300, Highlands Ranch CO 80129-2386 Phone: (720) 241-7200*

**Balance Amount:** $0
**Amount Past Due:** $0
**Date of Last Payment:** 08/2016
**Scheduled Payment Amount:** $1,942
**Status:** Over 120 Days Past Due Mortgage
**ADDITIONAL INFORMATION:** Foreclosure

34.     Notably, neither Plaintiff's Equifax nor Trans Union credit report referenced Plaintiff's bankruptcy.

35.     On May 3, 2019, the Bankruptcy Court entered an Order of Discharge for the benefit of Plaintiff under 11 U.S.C. § 1328(a).

36.     On September 12, 2019, Plaintiff obtained and reviewed her 3-Bureau Credit Report once more.

37.     Plaintiff realized SLS continued to report Plaintiff's Mortgage as "OVER_120_DAYS_PAST_DUE."

38.     Plaintiff likewise realized SLS was not reporting Plaintiff's Mortgage as "DISCHARGED IN BANKRUPTCY."

39.     In fact, neither Equifax nor Trans Union referenced Plaintiff's bankruptcy whatsoever.

40.     On September 12, 2019, Plaintiff mailed credit dispute letters to Equifax and Trans Union by First-Class Mail®.

41.     Plaintiff's credit dispute letters voiced Plaintiff's concerns and requested Equifax,

and Trans Union review and correct SLS's inaccurate reporting.

42.     Equifax received and promptly notified SLS of Plaintiff's dispute by sending an ACDV.

43.     Trans Union received and promptly notified SLS of Plaintiff's dispute by sending an ACDV.

44.     On December 31, 2019, Plaintiff obtained credit reports from both Equifax and Trans Union.

45.     Plaintiff's Equifax credit report stated, in part:

**Account Status:** OVER_120_DAYS_PAST_DUE
**Comments:** Foreclosure

46.     Plaintiff's Trans Union credit report stated, in part:

**Pay Status:** Over 120 Days Past Due Mortgage

47.     Notably, both Equifax and Trans Union failed to notate Plaintiff's bankruptcy discharge.

### Damages

48.     To date, SLS continues to transmit ***incomplete*** information pertaining to Plaintiff's Loan to Equifax and Trans Union.

49.     Defendants incomplete reporting continues to harm Plaintiff.

50.     Specifically, Defendants' incomplete reporting has led to anxiety, expenditure of monies (in form of postage), expenditure of time, as well as mental anguish.

51.     Furthermore, Defendants' incomplete reporting has rendered Plaintiff helpless to regain control of her credit standing and creditworthiness.

52.     As result, Plaintiff is forced to file this case to compel Defendants to report Plaintiff's Loan completely.

6

## CLAIMS FOR RELIEF

### Count I:
### SLS's violation(s) of 15 U.S.C. § 1681 *et seq.*

53.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

54.    The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**A.    SLS's failure to conduct an investigation**

55.    15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A)    Conduct an investigation with respect to the disputed information;

(B)    Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

(C)    Report the results of the investigation to the consumer reporting agency;

(D)    If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E)    If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

(i)    Modify that item of information;

(ii)    Delete that item of information; or

7

                 (iii)    Permanently block the reporting of that item of information.

56.     Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), SLS received Plaintiff's dispute letters from Equifax and Trans Union.

57.     SLS violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

58.     SLS violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax and Trans Union.

59.     Had SLS conducted a reasonable investigation, SLS would have discovered that Plaintiff's Loan was included in bankruptcy **and** was discharged in bankruptcy;

60.     SLS violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax and Trans Union.

61.     SLS violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

62.     15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

        (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

 (2)    such amount of punitive damages as the court may allow; and

8

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

63.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

64.     SLS's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find SLS in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B.     award any actual damages to Plaintiff as a result of SLS's violation;

C.     award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.     award any punitive damages, as the Court may allow;

E.     award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.     award such other relief as this Court deems just and proper.

9

**Count II**
**Equifax's violation(s) of 15 U.S.C. § 1681 *et seq.***

65.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A.     Equifax's failure to follow reasonable procedures**

66.     The FCRA mandates "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

67.     On multiple and numerous occasions, Equifax prepared patently inaccurate consumer reports concerning Plaintiff.

68.     Despite actual notice, Equifax sold such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

69.     Equifax violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

**B.     Equifax's failure to conduct a reasonable investigation**

70.     The FCRA mandates "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly *** the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer. 15 U.S.C. § 1681i(1)(A).

71.     The FCRA further mandates "[i]f, after any reinvestigation of any information

10

disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall – (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.  15 U.S.C. §§ 1681i(5)(A)(i) and (ii).

72.    Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's dispute.

73.    Equifax violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of the dispute to SLS before the expiration of the 5-business-day period beginning on the date on which Equifax received Plaintiff's dispute.

74.    Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's dispute.

75.    Equifax violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Plaintiff, or modify that item of information, as appropriate, based on the results of the reinvestigation.

76.    15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

11

      (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)    such amount of punitive damages as the court may allow; and

(3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

77.    15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

78.    Equifax's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.    find Equifax in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), and 1681i(a)(5)(A)(i).

B.    award any actual damages to Plaintiff as a result of Equifax's violation;

C.    award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.    award any punitive damages, as the Court may allow;

E.    award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the

12

circumstances; and

F.      award such other relief as this Court deems just and proper.

**Count III**
**Trans Union's violation(s) of 15 U.S.C. § 1681 *et seq.***

79.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A.      Trans Union's failure to follow reasonable procedures**

80.     The FCRA mandates "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).

81.     On multiple and numerous occasions, Trans Union prepared patently inaccurate consumer reports concerning Plaintiff.

82.     Despite actual notice, Trans Union sold such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

83.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

**B.      Trans Union's failure to conduct a reasonable investigation**

84.     The FCRA mandates "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly *** the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the

13

consumer.  15 U.S.C. § 1681i(1)(A).

85.    The FCRA further mandates "[i]f, after any reinvestigation of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall – (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.  15 U.S.C. §§ 1681i(5)(A)(i) and (ii).

86.    Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Trans Union received Plaintiff's dispute.

87.    Trans Union violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of the dispute to SLS before the expiration of the 5-business-day period beginning on the date on which Trans Union received Plaintiff's dispute.

88.    Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff before the end of the 30-day period beginning on the date on which Trans Union received Plaintiff's dispute.

89.    Trans Union violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Plaintiff, or modify that item of information, as appropriate, based on the results of the reinvestigation.

90.    15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in

an amount equal to the sum of -

    (1)

        (B)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

    (2)    such amount of punitive damages as the court may allow; and

    (3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

91.    15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

    (1)    any actual damages sustained by the consumer as a result of the failure; and

    (2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

92.    Trans Union's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.    find Trans Union in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), and 1681i(a)(5)(A)(i).

B.    award any actual damages to Plaintiff as a result of Trans Union's violation;

C.    award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.    award any punitive damages, as the Court may allow;

E.      award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.      award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: January 3, 2020                          Respectfully submitted,

                                                **KELLY M. BRENEISEN**

                                                By: */s/ Joseph S. Davidson*

                                                Mohammed O. Badwan
                                                Joseph S. Davidson
                                                Victor T. Metroff
                                                **SULAIMAN LAW GROUP, LTD.**
                                                2500 South Highland Avenue
                                                Suite 200
                                                Lombard, Illinois 60148
                                                +1 630-575-8181
                                                mbadwan@sulaimanlaw.com
                                                jdavidson@sulaimanlaw.com
                                                vmetroff@sulaimanlaw.com

16